IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROYAL WHITE CEMENT INC. § | | CIVIL ACTION NO. 2:23-CV-788 |
| *Plaintiff,* § | | |
| § | | |
| § | | SECTION D (2) |
| V. § | | |
| § | | |
| M/V WECO HOLLI § | | JUDGE WENDY B. VITTER |
| AND HER TACKLE, EQUIPMENT AND § | | |
| AND APPURTENANCES, *in rem*, et al., § | | MAGISTRATE JUDGE DONNA |
| *Defendants*. § | | PHILLIPS CURRAULT |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION AND STAY THE LITIGATION**

Pegasus Denizcilik A.S. ("Defendant" or "Pegasus") files its Memorandum of Law in Support of its Motion to Compel Arbitration and Stay Litigation pursuant to Local Rule 7.4 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

In support of this Motion, Defendant would show this Court as follows:

**I.
NATURE AND STAGE OF THE PROCEEDINGS**

1. On March 2, 2023, Plaintiff, Royal White Cement Inc. ("Plaintiff"), filed its Verified Complaint against Defendant and various other defendants. (Dkt. 1). On June 20, 2023, before effectuating service on Defendant, Plaintiff filed its First Amended Complaint. (Dkt. 34).

2. On August 21, 2023, Pegasus appeared in the case by filing an Original Answer to Plaintiff's First Amended Complaint. (Dkt. 44).

3. Pegasus now requests that this Court compel arbitration under a mandatory arbitration clause in the Charter Party made the basis of Plaintiff's claims against Defendant. This clause provides, in part, that "any dispute arising out of [the] Charter Party shall be referred to arbitration in London." (*See* Voyage Sub-Charter Party, attached hereto as Exhibit "A," at p. 5.) If

the Court compels arbitration, Defendant also requests that the Court stay this litigation pending arbitration.

## II.
## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

ISSUE 1:    Does the mandatory arbitration clause in the Charter Party entered into between Plaintiff, a Texas corporation, and Defendant, a foreign entity with its principal place of business in Istanbul, Turkey, and made the basis of this lawsuit require the Court to compel arbitration in London, England? Yes. The mandatory arbitration clause in the subject insurance policy falls within the scope of the Convention.

ISSUE 2:    If the Court compels arbitration, is a stay of the litigation required? Yes. The Convention requires that this litigation be stayed pending arbitration.

4.    A de novo standard of review applies to a district court's ruling on a motion to compel arbitration. *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 674 (5th Cir. 2006).

## III.
## SUMMARY OF ARGUMENT

5.    "To say that it is the public policy of the United States and the Fifth Circuit to enforce contractually agreed-upon arbitration provisions would be an understatement." *Ensco Offshore Co. v. Titan Marine L.L.C.*, 370 F. Supp. 2d 594, 597 (S.D. Tex. 2005). The United States Court of Appeals for the Fifth Circuit recognizes that the federal policy favoring arbitration "applies with special force in the field of international commerce." *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 275 (5th Cir. 2002) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 631 (1985)) (internal quotation marks omitted).

6.    The mandatory arbitration clause in the subject Charter Party is covered by the Convention because it satisfies the requirements set forth by the Fifth Circuit. As such, arbitration of this dispute, even outside the United States, is required. Further, the Convention requires this litigation to be stayed pending arbitration.

## IV.
## FACTUAL BACKGROUND

7. The basis of Plaintiff's claims against Defendant in this lawsuit is a Charter Party between Plaintiff and Defendant. (*See* Exhibit "A"; Pl.'s 1st Amd. Pet. (Dkt. 34)).

8. Plaintiff alleges further that it is a Texas corporation. Pl.'s 1st Amd. Pet.. at ¶ 5. Plaintiff makes no allegations with respect to Defendant's citizenship. *Id*. at ¶ 8. Defendant, a foreign entity, that has its principal place of business in Istanbul, Turkey. (*See* the Declaration of Murat Kinay attached as Exhibit "B.")

9. The gravamen of Plaintiff's lawsuit as it pertains to Defendant is an alleged damage and/or loss of cargo that was transported pursuant to the Charter Party. Specifically, Plaintiff alleges that the cargo damage and/or loss took place due to the fault, negligence, unseaworthiness, and/or want of care of the *M/V Weco Holli* and/or its owners, operators, managers, other charters and/or agents. *See* Pl.'s 1st Amd. Pet. ¶ 45.

10. Plaintiff asserts causes of action against Defendant under the Carriage of Goods by Sea Act. *Id.* Importantly, the Charter Party contains a mandatory arbitration clause that provides, "any dispute arising out of [the] Charter Party shall be referred to arbitration in London." (*See* Exhibit "A," p. 5.)[1]

## V.
## AUTHORITIES AND ANALYSIS

11. "Under Chapter 2 of the Federal Arbitration Act, cases arising under the

---

[1] The terms of the sub-charter between Pegasus and RWC are from a charter-party dated 8 February 2016 for the vessel *Lady Damla*. However, the Amended Charter Recap between Pegasus and RWC references the "M/V Patagonia/Royal White cement fixture" as providing the charter terms. (*See* Amended Recap dated 09 June 2022 attached as Exhibit "C.") The Recap for the MV PATAGONIA references the "M/V LADY DAMLA" charter party dated 8 February 2016 as providing the charter terms. (*See* Clean Recap attached as Exhibit "D.")

Convention . . . are deemed to arise under the laws and treaties of the United States." *Gumenyuk v. Marlow Navigation Co., Ltd.*, C.A. No. 4-20-00285, 2020 WL 8083682, at *2 (S.D. Tex. Dec. 21, 2020), *report and recommendation adopted*, 2021 WL 65480 (S.D. Tex. Jan. 7, 2021) (internal quotation marks and citation omitted). "As such, federal district courts may compel arbitration in accordance with agreements . . . falling within the Convention." *Gumenyuk*, 2020 WL 8083682, at *2 (internal quotation marks omitted).

12. Section 202 of the Convention, which addresses the Convention's coverage, provides, in part, that "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention." 9 U.S.C. § 202.

13. The Fifth Circuit instructs that "[i]n determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (citing *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1144-45 5th Cir. 1985)). An arbitration agreement "falls under" the Convention pursuant to Section 202, and a district court should compel arbitration, if the following four requirements are satisfied: "(1) there must be an agreement in writing to arbitrate the dispute; (2) the agreement must provide for arbitration in the territory of a Convention signatory; (3) the agreement to arbitrate must arise out of a commercial legal relationship; and (4) at least one party to the agreement must not be an American citizen." *Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909-10 (5th Cir. 2019). The Fifth Circuit has expressly stated that "[i]f these requirements are met, the Convention requires district courts to order arbitration." *Sedco*, 767 F.2d at 1145. In this case, the four requirements needed for

an agreement to "fall under" the Convention are met.

14. First, the Charter Party at issue in this lawsuit is in writing and contains an agreement to arbitrate "any dispute arising out of [the] Charter Party." *See* Exhibit "A," p. 5. Another District Court concluded a charter party containing an identical agreement to arbitrate satisfied the first requirement. *See Hunter v. Serv-Tech, Inc.*, Civil Action No. 07-9009, 2010 WL 3168106 at *1, *4 (E.D. La. Aug. 9, 2010) (arbitration agreement provided, in part, that "any dispute arising out of this Charter Party shall be referred to arbitration in London").

15. Second, the agreement provides for arbitration in London, England, a signatory nation under the Convention. *Mosaic Underwriting Serv., Inc. v. MONCLA Mar. Operation*, 926 F.Supp.2d 865, 869 (E.D. La. 2013) (reaching same conclusion regarding nearly identical arbitration agreement).

16. Third, the agreement arises out of a commercial legal relationship, one between a charterer and a sub-charterer of a vessel. Another District Court concluded that a charter party like the one at issue in this case satisfied the third requirement. *See Barna Conshipping, L.L. v. 8,000 Metric Tons*, Civil Action Nos. H-09-163, H-09-272, 2010 WL 1443542 at *3 (S.D. Tex. Mar. 30, 2010).

17. Fourth, the record before the Court establishes that Defendant is not an American citizen. Defendant is a foreign entity with its principal place of business in Istanbul, Turkey. *See* Exhibit "B."

18. All four factors needed to compel arbitration pursuant to the Convention are satisfied in this case. Thus, arbitration is required. *See Sedco*, 767 F.2d at 1145 ("If these requirements are met, the Convention requires district courts to order arbitration."). And the Convention specifically authorizes a court to order the parties to arbitrate their dispute even when

the arbitration is to occur outside the United States. *See* 9 U.S.C. § 206; *Sedco*, 767 F.2d at 1146. Moreover, the Convention requires this litigation be stayed pending arbitration. 9 U.S.C. § 3 (providing that the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

## VI.
## CONCLUSION

Based on the foregoing, Defendant Pegasus Denizcilik A.S. requests that the Court grant its Motion to Compel Arbitration and Stay Litigation, enter an order compelling arbitration in London, England, and staying the above-styled and -numbered cause, and grant and all other and further relief, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Carra Miller*
Carra Miller
Louisiana Bar No. 39737
E.D. La. ID No. 6715179
cmiller@sbsblaw.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile:  (713) 574-2942
*Temporary Mailing Address*

***ATTORNEY-IN-CHARGE FOR***
***PEGASUS DENIZCILIK A.S.***

OF COUNSEL:

SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM, PLLC

JAMES T. BAILEY
Texas Bar No. 24031711
jbailey@sbsb-eastham.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile:  (713) 574-2942
*Pro Hac Vice Motion for Admission Pending.*

-7-

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 22, 2023, a true and correct copy of the foregoing Memorandum has been served on all known counsel of record, in accordance with the Federal Rule of Civil Procedure.

                                      */s/ Carra Miller*
                                      Carra Miller