UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROYAL WHITE CEMENT, INC.**                **CIVIL ACTION**

**VERSUS**                                  **NO. 23-788**

**WECO HOLLI M/V, ET AL.**                  **SECTION "O"**

### ORDER AND REASONS

Before the Court in this maritime-cargo-damage case is the motion[1] of Ocean Green Maritime Pte. Ltd., as claimant of the M/V WECO HOLLI, to dismiss the *in personam* counterclaim and the crossclaims of Associated Terminals, Inc; Associated Terminals Pangea Logistics, LLC; Pepperell Cove Marine Services, Inc.; and On-Site Concrete Solutions, LLC (together, the "Stevedores"). Among other arguments, Ocean Green contends that the Court should dismiss the counterclaim and the crossclaims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The Stevedores do not meet the merits of Ocean Green's personal-jurisdiction analysis; they instead argue only that Ocean Green submitted to the Court's jurisdiction by asserting crossclaims for contribution and indemnity. But it did not. Ocean Green's crossclaims "do[ ] not operate as a waiver of an objection to jurisdiction." *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987). And Ocean Green "may participate in [this] litigation without submitting to the [Court's] jurisdiction so long as it maintains its objection to personal jurisdiction," *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 541 (5th Cir. 2019), which it has.

---

[1] ECF No. 115.

Accordingly, because Ocean Green did not submit to the Court's personal jurisdiction, and because the Stevedores have not carried their burden to make a *prima facie* case of personal jurisdiction over Ocean Green, the Court lacks personal jurisdiction over Ocean Green. For these reasons and those that follow, Ocean Green's motion to dismiss the *in personam* counterclaim and crossclaims is **GRANTED**.

## I. BACKGROUND

The Court recounted the facts of this case in its order and reasons granting in part and denying in part motions to compel arbitration and to stay this case.[2] The Court will not restate all of those facts here. In short: This cargo case arises from damage to cement bags being shipped aboard the M/V WECO HOLLI from Egypt to Houston, with a stop in New Orleans.[3] Royal White Cement, Inc. was the cargo's consignee.[4] Pegasus Denizcilik A.S. chartered the vessel;[5] Ocean Green owned it.[6] The Stevedores helped discharge some of the cargo in New Orleans.[7] Once the vessel arrived in Houston, Royal White Cement discovered the cargo had been damaged.[8]

This lawsuit followed. Royal White sued Pegasus; the M/V WECO HOLLI, *in rem*; and the Stevedores.[9] Royal White brought a breach-of-contract claim against Pegasus, an *in rem* tort claim against the M/V WECO HOLLI under the Carriage of Goods by Sea Act, and negligence claims against the Stevedores.[10] The Court later

---

[2] *See* ECF No. 129.
[3] *See generally* ECF No. 1.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 8.
[6] *Id.* at ¶ 14.
[7] *Id.* at ¶¶ 22–26.
[8] *Id.* at ¶ 29.
[9] *Id.* at ¶¶ 6, 8, 9–13.
[10] *Id.* at ¶¶ 43–49; ECF No. 84 at 3.

compelled arbitration of Royal White's claims against Pegasus and the M/V WECO HOLLI, *in rem*, and stayed the case as to those claims only.[11]

As material to the motion to dismiss, Ocean Green answered Royal White's complaint on behalf of the vessel, *in rem*, and brought crossclaims against the Stevedores for contribution and indemnity.[12] Ocean Green's operative crossclaims state that they are being brought by Ocean Green "as Claimant of the M/V WECO HOLLI" by way of "a restricted appearance as provided in Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims . . . ."[13] In the same document containing its crossclaims, Ocean Green asserts a personal-jurisdiction defense.[14]

The Stevedores in turn brought crossclaims for contribution and indemnity against Ocean Green.[15] In response to each of them, Ocean Green entered a Rule E(8) restricted appearance, answered on behalf of the vessel, *in rem*, and raised a personal-jurisdiction defense.[16] One group of the Stevedores—Associated Terminals, LLC, and Associated Terminals Pangea Logistics, LLC—also brought a counterclaim

---

[11] ECF No. 129 at 14.
[12] ECF No. 151 at 13–14 (operative first amended answer and first amended crossclaims). When the motion to dismiss was submitted for decision, Ocean Green's operative answer and crossclaims were its original answer and its original crossclaims. *See* ECF No. 43. Ocean Green's recent amendment does not change the Court's personal-jurisdiction analysis or the disposition of the motion.
[13] *Id.* at 1.
[14] *Id.* at 2.
[15] *See* ECF No. 46 at 14–15 at ¶¶ 15–18 (operative crossclaims of Associated Terminals, LLC and Associated Terminals Pangea Logistics, LLC); ECF No. 71 at 9–14 ¶¶ I–XIII (operative crossclaims of Pepperell Cove Marine Services, Inc.); ECF No. 58 at 15–19 ¶¶ 1–13 (operative crossclaims of On-Site Concrete Solutions, LLC).
[16] *See* ECF No. 65 (Ocean Green's answer to crossclaim of Associated Terminals, LLC and Associated Terminals Pangea Logistics, LLC); *id.* at 1 (requesting that the crossclaim be dismissed for lack of personal jurisdiction); ECF No. 83 (Ocean Green's answer to the crossclaim of Pepperell Cove Marine Services, Inc.); *id.* at 1 (requesting that the crossclaim be dismissed for lack of personal jurisdiction); ECF No. 108 (Ocean Green's answer to the crossclaim of On-Site Concrete Solutions, LLC); *id.* at 1 (requesting that the crossclaim be dismissed for lack of personal jurisdiction).

against Ocean Green for contribution and indemnity. That counterclaim "reiterated" the allegations contained in the crossclaim against Ocean Green and asserted that Ocean Green had waived any personal-jurisdiction objection by filing crossclaims.[17] Ocean Green answered the counterclaim and again objected to personal jurisdiction.[18]

Now, Ocean Green moves to dismiss the counterclaim and the crossclaims the Stevedores assert against it *in personam* for, among other grounds, lack of personal jurisdiction under Rule 12(b)(2).[19] In an unrebutted declaration attached to Ocean Green's motion, Ocean Green's Director, Ryo Sugitani, attests to the absence of any relevant connection between Ocean Green—a Singaporean limited company with its principal place of business in Singapore—and Louisiana or the United States writ large.[20] Among other things, Sugitani attests that Ocean Green has no offices in Louisiana or anywhere in the United States or its territories; that Ocean Green did not sell, advertise, or produce any products or goods in Louisiana or anywhere in the United States or its territories; and that Ocean Green did not sell, market, or advertise any services in Louisiana or anywhere in the United States or its territories.[21]

The Stevedores oppose.[22] But their personal-jurisdiction counterargument is a limited one: They contend only that Ocean Green submitted to the Court's personal

---

[17] ECF No. 91 at 4–5 ¶¶ 1–3.
[18] ECF No. 111 at 1 n.1 (noting that "Ocean Green in no way consents to the exercise of personal jurisdiction . . . as demonstrated by the fact that it filed a restricted appearance with its initial filing"); *id.* at 2 (requesting that the counterclaim be dismissed for lack of personal jurisdiction).
[19] ECF No. 115.
[20] ECF No. 115-2.
[21] *Id.* at ¶¶ 1–26.
[22] ECF Nos. 120, 121, 122.

jurisdiction when Ocean Green asserted crossclaims.[23] The Stevedores do not otherwise try to make a *prima facie* case of personal jurisdiction over Ocean Green.[24]

Because the Court resolves Ocean Green's motion to dismiss on personal-jurisdiction grounds under Rule 12(b)(2), the Court does not reach Ocean Green's alternative arguments for dismissal under Rules 12(b)(4), 12(b)(5), and 13(g).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits Ocean Green to move to dismiss the Stevedores' counterclaim and crossclaims for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). Because the Court decides Ocean Green's Rule 12(b)(2) motion to dismiss without holding an evidentiary hearing, the Court "must accept as true the uncontroverted allegations in the [counterclaim and crossclaims] and resolve in favor of [the Stevedores] any factual conflicts posed by the affidavits." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) (quotation and citation omitted). The Stevedores have "the burden to make a *prima facie* showing that personal jurisdiction is proper." *Id.* (quotation and citation omitted). But that "*prima-facie*-case requirement does not require the [C]ourt to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (italics added) (citations omitted).

---

[23] *See id.*
[24] *See id.*

## III. ANALYSIS

Ocean Green contends that the Court should dismiss the Stevedores' counterclaim and crossclaims under Rule 12(b)(2) because the Court lacks personal jurisdiction over it.[25] Ocean Green reasons that the Court lacks general personal jurisdiction over it because it lacks "systematic or continuous contacts" with Louisiana.[26] And Ocean Green reasons that the Court lacks specific personal jurisdiction over it because it "did not purposefully avail itself of the laws of Louisiana"—specifically, Ocean Green "did not elect to sail to Louisiana, engage the [S]tevedores, or manage or control the stevedore operations" that give rise to the contribution-and-indemnity claims the Stevedores assert against it.[27] The Stevedores' only rejoinder to that personal-jurisdiction argument is that Ocean Green subjected itself to the Court's jurisdiction by asserting crossclaims against the Stevedores for contribution and indemnity.[28] The Stevedores do not conduct their own personal-jurisdiction analysis or otherwise attempt to carry their burden to make a *prima facie* showing that the Court has personal jurisdiction over Ocean Green.[29] The Court considers—and rejects—the Stevedores' submission-to-jurisdiction argument before turning to analyze the merits of Ocean Green's personal-jurisdiction argument.

### A.  Submission to the Court's Personal Jurisdiction

Ocean Green did not submit to the Court's personal jurisdiction when it filed crossclaims for contribution and indemnity against the Stevedores while consistently maintaining its objection to the Court's personal jurisdiction.

---

[25] ECF No. 115-1 at 9–14.
[26] *Id.* at 9–12.

6

The Fifth Circuit "has long held that a non-resident defendant" like Ocean Green "may participate in litigation without submitting to the court's jurisdiction so long as it maintains its objection to personal jurisdiction." *Halliburton Energy Servs., Inc.*, 921 F.3d at 540 (citing *PaineWebber, Inc. v. Chase Manhattan Priv. Bank (Switzerland)*, 260 F.3d 453, 461 (5th Cir. 2001)).[30] "In other words, a non-resident defendant" like Ocean Green "may 'simultaneously protest personal jurisdiction while vigorously advocating the merits of his case.'" *Hines v. Stamos*, 111 F.4th 551, 562 (5th Cir. 2024) (quoting *Halliburton Energy Servs.*, 921 F.3d at 541).

That is what Ocean Green did here. While "vigorously advocating the merits of [its] case" through its crossclaims, *id.* (quotation omitted), Ocean Green maintained its personal-jurisdiction objection: Ocean Green raised a personal-jurisdiction objection and entered a Rule E(8) restricted appearance the first time it appeared;[31] Ocean Green raised a personal-jurisdiction objection in the same document in which it brought the crossclaims for contribution and indemnity against the Stevedores;[32] and Ocean Green raised a personal-jurisdiction objection in response to the counterclaim and the crossclaims the Stevedores asserted against it.[33] Because Ocean

---

[27] *Id.* at 13.
[28] ECF Nos. 120, 121, 122.
[29] *Id.*
[30] True, the Fifth Circuit recognizes "one exception" to this rule: A defendant may waive a personal-jurisdiction defense if it (1) asserts "new claims against new parties," and (2) those claims "do not arise out of the same transaction or occurrence as the original action." *Halliburton Energy Servs., Inc.*, at 540 n.15 (quotation and citation omitted). The Stevedores do not invoke this exception. *See* ECF Nos. 120, 121, 122. But even if they had, the Court would have rejected it. That is because Ocean Green's crossclaims arise out of the same transaction or occurrence as the original action.
[31] ECF No. 3 at 1.
[32] ECF No. 151 at 2.
[33] *See* ECF No. 65 (Ocean Green's answer to crossclaim of Associated Terminals, LLC and Associated Terminals Pangea Logistics, LLC); *id.* at 1 (requesting that the crossclaim be dismissed for lack of personal jurisdiction); ECF No. 83 (Ocean Green's answer to the crossclaim of Pepperell Cove

7

Green maintained its personal-jurisdiction objection at all relevant times, Ocean Green did not submit to the Court's jurisdiction by participating in this litigation. *See Halliburton Energy Servs., Inc.*, 921 F.3d at 540; *accord Hines*, 111 F.4th at 562–63.

Nor did Ocean Green automatically submit to the Court's jurisdiction by filing crossclaims for contribution and indemnity. "[T]he filing of a counterclaim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction, whether that objection is raised by motion or answer, provided that the objection is not otherwise waived in the course of the litigation." *Bayou Steel Corp.*, 809 F.2d at 1149. No party contends Ocean Green "otherwise waived" its personal-jurisdiction objection; the only asserted ground for waiver is Ocean Green's assertion of crossclaims against the Stevedores. *Id.* Accordingly, because Ocean Green's assertion of crossclaims did not waive its personal-jurisdiction objection, and because the Stevedores have not shown that Ocean Green "otherwise waived" that personal-jurisdiction objection, Ocean Green did not submit to the Court's jurisdiction. *Id.*

The Stevedores' counterarguments fail to persuade. Most fundamentally, the Stevedores overlook controlling Fifth Circuit precedent on the question whether a party submits to the Court's personal jurisdiction by filing a crossclaim or otherwise participating in the litigation while maintaining a personal-jurisdiction objection.

---

Marine Services, Inc.); *id.* at 1 (requesting that the crossclaim be dismissed for lack of personal jurisdiction); ECF No. 108 (Ocean Green's answer to crossclaim of On-Site Concrete Solutions, LLC); *id.* at 1 (requesting that the crossclaim be dismissed for lack of personal jurisdiction); ECF No. 111 at 1 n.1 (Ocean Green's answer to counterclaim of Associated Terminals, LLC and Associated Terminals Pangea Logistics, LLC); *id.* (noting that "Ocean Green in no way consents to the exercise of personal jurisdiction . . . as demonstrated by the fact that it filed a restricted appearance with its initial filing"); *id.* at 2 (requesting that the counterclaim be dismissed for lack of personal jurisdiction).

8

*See, e.g.*, *Hines*, 111 F.4th at 562–63; *Halliburton Energy Servs., Inc.*, 921 F.3d at 540; *Bayou Steel Corp.*, 809 F.2d at 1149. The Stevedores instead resort to the general proposition "that a party voluntarily asserting claims against others in this Court is subject to a personal jurisdiction."[34] But that is not a correct statement of law. A request for affirmative relief, standing alone, "is insufficient to consent to personal jurisdiction when a defendant has continuously objected to personal jurisdiction," *Hines*, 111 F.4th at 562–63 (quotation omitted), as Ocean Green has here.[35] In the end, Ocean Green's litigation conduct is inconsistent with the Stevedores' assertion that Ocean Green consented to personal jurisdiction. And to the extent Ocean Green sought affirmative relief through its crossclaims for contribution and indemnity, Ocean Green did so while simultaneously objecting to personal jurisdiction. In these circumstances, the Fifth Circuit "has rejected the assertion that a defendant has submitted to the court's personal jurisdiction." *Id.* at 563. This Court does the same.

### B. Personal Jurisdiction Over Ocean Green

The Stevedores have not carried their burden to make a *prima facie* showing of personal jurisdiction over Ocean Green. The Stevedores' only personal-jurisdiction argument is that Ocean Green submitted to the Court's jurisdiction by filing

---

[34] ECF No. 120 at 7.
[35] *See, e.g.*, *Hines*, 111 F.4th at 562–63 (concluding that party did not waive its personal-jurisdiction defense by moving to compel arbitration); *Halliburton Energy Servs.*, 921 F.3d at 541 (concluding that party did not waive its personal-jurisdiction defense because it "continuously objected" to the court's personal jurisdiction, despite filing a counterclaim); *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 251–52 (5th Cir. 2020) (holding that district court abused its discretion in finding that defendant waived its personal-jurisdiction defense by moving for summary judgment because the defendant's "contemporaneous litigation conduct" reflected a continuing objection to personal jurisdiction); *PaineWebber*, 260 F.3d at 460–61 (rejecting argument that defendant waived personal-jurisdiction defense by seeking the "affirmative relief" of a stay and an injunction where both motions were "premised on a jurisdictional objection" (alterations and quotation omitted)).

crossclaims. The Court has rejected that argument. Because the Court has rejected the Stevedores' submission-to-jurisdiction argument, and because the Stevedores do not otherwise attempt to show that the Court has personal jurisdiction over Ocean Green, the Stevedores have necessarily failed to carry their burden to make a *prima facie* showing of personal jurisdiction over Ocean Green. The details follow.

"The Supreme Court has recognized two forms of personal jurisdiction: general and specific." *SEC v. Stanford Int'l Bank, Ltd.*, 112 F.4th 284, 294 (5th Cir. 2024) (citation omitted). Neither obtains here. General personal jurisdiction does not obtain because the Stevedores have not carried their burden to make a *prima facie* showing that Ocean Green—a Singaporean limited company with no relevant ties to Louisiana[36]—has "affiliations" with Louisiana that are "so continuous and systematic as to render [Ocean Green] essentially at home" in Louisiana. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2002) (quotation omitted). And specific personal jurisdiction does not obtain because the Stevedores have not made a *prima facie* showing on any of the three prerequisites for specific jurisdiction: They have not shown (1) that Ocean Green "purposefully directed its activities toward [Louisiana] or purposefully availed itself of the privileges of conducting activities there"; (2) that the Stevedores' contribution-and-indemnity claims "arise out of or result from" Ocean Green's contact with Louisiana; or (3) that exercising personal jurisdiction over Ocean Green is "fair and reasonable." *Id.* (quotations, citations, and alterations omitted).

---

[36] ECF No. 115-2 at 1–3.

The Court emphasizes that no party cites Rule 4(k)(2) or asks the Court to analyze personal jurisdiction under it. *Cf. Hardy v. Scandinavian Airlines Sys.*, 117 F.4th 252, 263–68 (5th Cir. 2024) (analyzing personal jurisdiction over federal-law claims against foreign defendant under Rule 4(k)(2)). Of course, the Court understands that "[f]or federal claims filed in federal courts, . . . the relevant minimum contacts are those with the entire United States, not a forum state." *Id.* at 265 (quotation omitted). But the parties do not address the predicate legal question whether the Stevedores' contribution-and-indemnity claims arise under federal or state law. For its part, Ocean Green seems to assume those claims arise under state law, because it focuses its analysis on its contacts with Louisiana, rather than on its contacts with the United States writ large.[37] The Court has done the same here.

But even if the Court assumes that the Stevedores' contribution-and-indemnity claims arise under federal law, the result on this record would be the same. As for general personal jurisdiction, the Stevedores have not carried their burden to make a *prima facie* showing of general personal jurisdiction because they have not shown that Ocean Green's contacts with the United States writ large are "so continuous and systematic as to render it essentially at home in" the United States. *Douglas v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 235 (5th Cir. 2022) (en banc) (quotation omitted). The Stevedores have not carried their burden to make a *prima facie* showing of specific personal jurisdiction either. That is because they have not shown that (1) Ocean Green "purposely directed its activities toward" the United

---

[37] ECF No. 115-1 at 13–14.

States or "purposefully availed itself of the privileges of conducting activities" in the United States; (2) the Stevedores contribution-and-indemnity claims "arise[ ] out of or result[ ] from" Ocean Green's contact with the United Stats; or (3) exercising personal jurisdiction over Ocean Green is "fair and reasonable." *Hardy*, 117 F.4th at 265 (quotation and citation omitted).

Accordingly, because Ocean Green did not submit to the Court's personal jurisdiction by filing crossclaims for defense and indemnity against the Stevedores while maintaining its objection to personal jurisdiction, and because the Stevedores have not otherwise attempted to carry their burden to make a *prima facie* showing of personal jurisdiction over Ocean Green, the Court lacks personal jurisdiction over Ocean Green. The Court therefore grants Ocean Green's motion to dismiss the Stevedores' counterclaim and crossclaims for lack of personal jurisdiction.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Ocean Green's motion[38] to dismiss the Stevedores' *in personam* counterclaim and crossclaims is **GRANTED.** The *in personam* counterclaim and the crossclaims asserted by the Stevedores against Ocean Green are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

New Orleans, Louisiana, this 21st day of February, 2025.

     BRANDON S. LONG
     UNITED STATES DISTRICT JUDGE

---

[38] ECF No. 115.