UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROYAL WHITE CEMENT, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-788 |
| WECO HOLLI M/V, ET AL. | * | SECTION "O" DIV. (2) |

## ORDER AND REASONS

Before me is Defendant Vanquish Crane and Construction, LLC's Motion for Leave to File Cross Claim.  ECF No. 153.  This motion was scheduled for submission on March 19, 2025.  As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, March 12, 2025.  *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

Defendant, Vanquish Crane and Construction, LLC seeks leave to file cross-claims against co-defendants the M/V WECO HOLLI, Kyowa Sansho KK, Belships Management Singapore, Pegasus Denizcolik A.S., Pepperell Cove Marine Services, Inc., and On-Site Concrete Solutions, LLC arising out of the same transaction or occurrence as the principal demand filed by Plaintiff Royal White Cement, Inc.  ECF No. 153-1 at 1.  Movant timely sought to file its Cross-Claims before expiration of the Scheduling Order's deadline.  *See* ECF No. 145.  Thus, the request for leave is governed by Fed. R. Civ. P. 15(a) rather than the more stringent good cause requirements of Fed. R. Civ. P. 16(b).  *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the

1

judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing Fed. R. Civ. P. 16(b)).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[2] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[3]

No party has filed an Opposition. Moreover, given the status of the matter and the failure of any party to identify a reason to deny the request, there is no "substantial reason" to deny movant's request for leave to file cross claim.

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate prejudice from granting leave, and the applicable law,

---

[1] Fed. R. Civ. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).
[3] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).

3

IT IS ORDERED that Vanquish Crane and Construction, LLC's Motion for Leave to File Cross-Claims (ECF No. 153) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file the Proposed Cross-Claims (ECF No. 153-2) into the court record.

New Orleans, Louisiana, this <u>19th</u> day of March, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE